**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| VANTAGE POINT TECHNOLOGY, INC., | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL CASE NO. 2:2013-cv-00926-JRG-RSP |
| QUALCOMM INCORPORATED and QUALCOMM TECHNOLOGIES INC., | § § § | |
| Defendants. | § § § § | |
| VANTAGE POINT TECHNOLOGY, INC., | § § § | |
| Plaintiff, | § § § | |
| v. | § § § | CIVIL CASE NO. 2:2013-cv-00912-JRG-RSP |
| BROADCOM CORPORATION, | § § | |
| Defendant. | § § § § | |
| VANTAGE POINT TECHNOLOGY, INC., | § § § | |
| Plaintiff, | § § § | |
| v. | § § § | CIVIL CASE NO. 2:2013-cv-00924-JRG-RSP |
| NVIDIA CORPORATION, | § § | |
| Defendant. | § § § § | |
| VANTAGE POINT TECHNOLOGY, INC., | § § | CIVIL CASE NO. 2:2013-cv-00992-JRG-RSP |
| Plaintiff, | § § | |
| v. | § § | |

PANASONIC CORPORATION OF
AMERICA and MARVELL
SEMICONDUCTOR, INC.,

     Defendants.

§
§
§
§
§

VANTAGE POINT TECHNOLOGY, INC.,

     Plaintiff,

v.

MICROSOFT CORPORATION,

     Defendant.

§
§
§
§
§
§
§
§
§
§
§
§

CIVIL CASE NO.
2:2013-cv-00921-JRG-RSP

VANTAGE POINT TECHNOLOGY, INC.,

     Plaintiff,

v.

VIEWSONIC CORPORATION,

     Defendant.

§
§
§
§
§
§
§
§
§
§
§
§

CIVIL CASE NO.
2:2013-cv-00930-JRG-RSP

VANTAGE POINT TECHNOLOGY, INC.,

     Plaintiff,

v.

HTC AMERICA, INC.

Defendant.

§
§
§
§
§
§
§
§
§

Civil Action No. 2:13-cv-915-JRG
JURY TRIAL DEMANDED

**DEFENDANTS QUALCOMM INCORPORATED, QUALCOMM TECHNOLOGIES INC., BROADCOM CORPORATION, NVIDIA CORPORATION, MARVELL SEMICONDUCTOR, INC., MICROSOFT CORPORATION, HTC AMERICA, INC., AND VIEWSONIC CORPORATION'S UNOPPOSED MOTION TO TRANSFER VENUE**

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION .................................................................................................. 1

II.   FACTUAL AND PROCEDURAL BACKGROUND......................................................... 3

    A.    This Court has Recently Transferred a Case Involving the Same Plaintiff and Same Patents-at-Issue to the Northern District of California.......................... 3

    B.    Vantage Point Has No Real Ties to the Eastern District of Texas......................... 3

    C.    Defendants and ARM Have Principal Places of Business and/or Campuses in or Near California with the Likely Relevant Witnesses and Documents in or Near the Northern District of California. ....................................................... 3

    D.    Relevant And Material Third Parties Are Located In, Or Close To, The Northern District Of California................................................................. 4

III.  ARGUMENT....................................................................................................... 5

    A.    Vantage Point Could Have Brought This Action In The Northern District Of California ............................................................................................... 5

    B.    The Court Should Not Give Deference To Vantage Point's Choice Of Venue ......................................................................................................... 6

    C.    The Private And Public Interest Factors Weigh in Favor of Transfer ................... 7

        1.    The Relative Ease of Access to Sources of Proof Factor Favors Northern California.............................................................................. 8

        2.    The Availability of Compulsory Process To Secure the Attendance of Witnesses Factor Favors Northern California ..................................... 9

        3.    The Cost of Attendance for Willing Witnesses Factor Also Favors Northern California................................................................................ 10

        4.    The Local Interest in Having Localized Interests Decided at Home Factor Favors Transfer.......................................................................... 11

        5.    The "All Other Practical Problems That Make Trial of a Case Easy, Expeditious and Inexpensive" Factor And Remaining Public Interest Factors Are Neutral.................................................................. 12

IV.   CONCLUSION.................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Acer Am. Corp.*,
626 F.3d 1252 (Fed. Cir. 2010)...................................................................................2, 9

*Affinity Labs of Tex., L.L.C. v. Apple, Inc.*,
No. 2:10-CV-0054, slip op. (E.D. Tex. Nov. 4, 2010) ...............................................7

*Balthasar Online, Inc. v. Network Solutions, LLC*,
654 F. Supp. 2d 546 (E.D. Tex. 2009)......................................................................5

*Brayton Purcell LLP v. Recordon & Recordon*,
361 F. Supp. 2d 1135 (N.D. Cal. 2005) ...................................................................6

*EON Corp. IP Holdings, LLC v. Sensus, USA, Inc.*,
No. 2:10-cv-448-DF, 2012 WL 122562 (E.D. Tex. Jan. 9, 2012)...........................11

*In re Hoffmann-La Roche Inc.*,
587 F.3d 1333 (Fed. Cir. 2009).............................................................................9, 11

*In re Horseshoe Entm't*,
337 F.3d 429 (5th Cir. 2003) ...................................................................................5

*In re Microsoft Corp.*,
630 F.3d 1361 (Fed. Cir. 2011)..........................................................................5, 6, 7

*Network Prot. Scis. LLC v. Juniper Networks, Inc.*,
No. 10-224, 2012 WL 194382 (E.D. Tex. Jan. 23, 2012).......................................11

*In re Nintendo Co.*,
589 F.3d 1194 (Fed. Cir. 2009)................................................................................7

*PersonalWeb Tech., LLC v. Apple Inc.*,
C.A. No. 6:12-cv-660 (Judge Davis), Dkt. No. 101 .................................7, 8, 10, 11

*Plant Equip. Inc. v. Intrado Inc.*,
No. 09-395, 2010 WL 2465358 (E.D. Tex. June 16, 2010).....................................8

*In re Toyota Motor Corporation*,
__ F.3d __, 2014 WL 1316595 (Fed. Cir. Apr. 3, 2014) .........................................9

*Transunion Intelligence L.L.C. v. Search America, Inc.*,
No. 2:10-CV-130, 2011 WL 1327038 (E.D. Tex. Apr. 5, 2011)............................12

*VE Holding Corp. v. Johnson Gas Appliance Co.*,
917 F.2d 1574 (Fed. Cir. 1990)......................................................................................5

*In re Volkswagen AG*,
371 F.3d 201 (5th Cir. 2004) ....................................................................................10, 11

*In re Volkswagen of Am., Inc.*,
545 F.3d 304 (5th Cir. 2008) (*en banc*) ............................................................. *passim*

*In re Zimmer Holdings, Inc.*,
609 F.3d 1378 (Fed. Cir. 2010)........................................................................................11

**Statutes**

28 U.S.C. § 1391(b)(1) ...................................................................................................5

28 U.S.C. § 1391(c) .......................................................................................................5

28 U.S.C. § 1400(b) .......................................................................................................5

28 U.S.C. § 1404(a) ............................................................................................. *passim*

Pursuant to 28 U.S.C. § 1404(a), Defendants Qualcomm Incorporated, Qualcomm Technologies Inc. ("Qualcomm"), Broadcom Corporation ("Broadcom"), Nvidia Corporation ("Nvidia"), Marvell Semiconductor, Inc. ("Marvell"), Microsoft Corporation ("Microsoft"), HTC America, Inc. ("HTC"), and Viewsonic Corporation ("Viewsonic") (collectively, "Defendants") respectfully move to transfer venue from the Eastern District of Texas to the Northern District of California because the Northern District of California, on balance, is clearly more convenient than the Eastern District of Texas.  This motion is unopposed and based largely upon the same factors upon which the Court already relied in granting an analogous motion to transfer the related case against Apple Inc. ("Apple").

## I.      INTRODUCTION

Defendants' cases (collectively, "this case," "this action," or "the present case") should be transferred to the Northern District of California because Plaintiff Vantage Point Technology, Inc. ("Vantage Point") does not oppose this motion, neither Vantage Point nor Defendants have any meaningful connection to the Eastern District of Texas, and the relevant evidence and witnesses are largely located in California.

Vantage Point is a nonpracticing entity that formed as a Texas company only three days before filing this litigation. Vantage Point's recent, ephemeral presence established in anticipation of filing suit in this District does not overcome the multiple factors which demonstrate that the Northern District of California is the proper venue for this action:

- Both Defendants and Vantage Point have voluntarily stipulated and agreed to transfer this action to the Northern District of California;

- Defendants maintain their principal places of business and/or have corporate campuses in or near the Northern District of California, as are many of their likely witnesses and

- 1 -

documents.  *See* Ex. A, Declaration of David Shannon ("Shannon Decl.") ¶¶ 2, 4-8; Ex. B, Declaration of Steve Jiang ("Jiang Decl.") ¶¶ 2, 5-7; Ex. C, Declaration of Sung Yi ("Yi Decl.") ¶¶ 2, 4-5; Ex. D, Declaration of Stacy Quan ("Quan Decl.") ¶¶ 4-5; Ex. E, Declaration of Reiner Klement ("Klement Decl.") ¶ 2; Ex. F, Declaration of Brian Hyde ("Hyde Decl.") ¶ 3; Ex. G, Declaration of David Wiggins ("Wiggins Decl.") ¶¶ 2-5. Notably, the Federal Circuit has emphasized that "the combination of multiple parties being headquartered in or near the transferee venue" is an "important consideration" that "clearly favors transfer." *In re Acer Am. Corp.*, 626 F.3d 1252, 1255 (Fed. Cir. 2010);

- Defendants collectively have at least 15 offices housing over 10,000 persons located in the Northern District.  *See* Ex. A, Shannon Decl. ¶ 2; Ex. B, Jiang Decl. ¶ 2; Ex. C, Yi Decl. ¶ 2; Ex. D, Quan Decl. ¶ 4; Ex. E, Klement Decl. ¶ 2; Ex. F, Hyde Decl. ¶ 3.

- Neither Defendants nor Vantage Point have any real presence in the Eastern District of Texas, nor are there any foreseeable witnesses or evidence located in the Eastern District. *See* Ex. A, Shannon Decl. ¶¶ 9, 11-13, 15; Ex. B, Jiang Decl. ¶¶ 3, 8-9; Ex. C, Yi Decl. ¶¶ 6-7; Ex. D, Quan Decl. ¶¶ 4-5; Ex. E, Klement Decl. ¶¶ 3, 7; Ex. F, Hyde Decl. ¶ 8; Ex. G, Wiggins Decl. ¶¶ 2-5.

- Customer defendants purchase the accused processors from certain defendants who are headquartered in the Northern District of California.  *See, e.g.,* Ex. D, Quan Decl. ¶ 6.

- ARM, Inc. ("ARM")—whose technology is at the heart of Vantage Point's infringement assertions—has its Northern American headquarters in San Jose in the Northern District of California.  Ex. H at 1-2;

Therefore, this Court should transfer this action to the Northern District of California,

where most of the likely witnesses and evidence are located.[1]

## II.   FACTUAL AND PROCEDURAL BACKGROUND.

### A.   This Court has Recently Transferred a Case Involving the Same Plaintiff and Same Patents-at-Issue to the Northern District of California

This Court recently transferred *Vantage Point Technology, Inc. v. Apple Inc.*, a case involving the same plaintiff, the same patent-at-issue, and facts very similar to this case, to the Northern District of California.  Case No. 1:13-cv-989-JRG, ECF No. 24 (Nov. 21, 2013).[2]

### B.   Vantage Point Has No Real Ties to the Eastern District of Texas

Vantage Point appears to be a patent-holding company with no real ties to this District. Vantage Point incorporated in Texas on October 29, 2013 and filed a number of these suits three days later on November 1, 2013.  Ex. I.  Vantage Point appears to have gained ownership, via assignment, of the '750 patent on September 25, 2013, about one month before it incorporated in Texas.  Ex. J.

### C.   Defendants and ARM Have Principal Places of Business and/or Campuses in or Near California with the Likely Relevant Witnesses and Documents in or Near the Northern District of California.

Defendants maintain their principal places of business and/or have corporate campuses in or near the Northern District of California.  Ex. A, Shannon Decl. ¶ 2; Ex. B, Jiang Decl. ¶ 2; Ex. C, Yi Decl. ¶ 2; Ex. D, Quan Decl. ¶ 3; Ex. E, Klement Decl. ¶ 2; Ex. F, Hyde Decl. ¶ 3; Ex. G, Wiggins Decl. ¶¶ 4-5.  Similarly, ARM is a California corporation with its Northern American

---

[1]Qualcomm notes that the Southern District of California would be the most convenient forum for the Qualcomm action.  However, Qualcomm acknowledges that the Northern District of California court has statewide subpoena power, and Qualcomm is content with transfer to the Northern District of California for purposes of this action in light of its own substantial facilities there, the presence of third party witnesses in that forum, and the judicial efficiency to be gained in light of the motions to transfer to the Northern District of California pending in related cases.

[2] If transferred, Defendants agree to consolidate their actions with the Apple action (Case No. 3:14-cv-4442) for pretrial purposes.

headquarters in San Jose in the Northern District.  Ex. H at 1-2.

Neither Defendants nor ARM have any meaningful presence in this District.  Ex. A, Shannon Decl. ¶¶ 9, 11-13, 15; Ex. B, Jiang Decl. ¶¶ 3, 8-9; Ex. C, Yi Decl. ¶¶ 6-7; Ex. D, Quan Decl. ¶¶ 4-5; Ex. E, Klement Decl. ¶ 3; Ex. F, Hyde Decl. ¶ 8; Ex. G, Wiggins Decl. ¶¶ 4-5. Indeed, Defendants and ARM have not presently identified any documents or witnesses related to the accused products which are located in the Eastern District of Texas.  Ex. A, Shannon Decl. ¶¶ 9, 11-15; Ex. B, Jiang Decl. ¶¶ 3, 8-9; Ex. C, Yi Decl. ¶¶ 6-8; Ex. D, Quan Decl. ¶¶ 4-5; Ex. E, Klement Decl. ¶¶ 7, 9; Ex. F, Hyde Decl. ¶¶ 5-6, 8; Ex. G, Wiggins Decl. ¶ 45.

In contrast, Defendants' likely evidence and witnesses relevant to this litigation are concentrated in or near the Northern District of California.  Many of the known, available documents related to the accused products are located in or near the Northern District of California.  Ex. A, Shannon  Decl. ¶ 14; Ex. B, Jiang Decl. ¶ 6; Ex. C, Yi Decl. ¶ 7; Ex. D, Quan Decl. ¶ 5; Ex. E, Klement Decl. ¶ 5; Ex. F, Hyde Decl. ¶ 6; Ex. G, Wiggins Decl. ¶ 5.  Moreover, the likely witnesses with relevant knowledge concerning the development, technology, and marketing of the accused products are similarly located in or near the Northern District of California.  Ex. A, Shannon Decl. ¶¶ 5, 7, 11; Ex. B, Jiang Decl. ¶¶ 5, 7; Ex. C, Yi Decl. ¶¶ 5, 7; Ex. D, Quan Decl. ¶¶ 4-5; Ex. E, Klement Decl. ¶ 6; Ex. F, Hyde Decl. ¶ 4-5; Ex. G, Wiggins Decl. ¶ 5.

Customer defendants, such as Microsoft, purchase the accused technology from certain defendants who are headquartered in the Northern District of California.  Ex. D, Quan Decl., ¶ 6.

**D.** **Relevant And Material Third Parties Are Located In, Or Close To, The Northern District Of California**

Defendants have identified several third parties who may possess relevant and material information regarding Vantage Point's infringement allegation in this action:

- The attorneys who prosecuted the '750 patent on behalf of the inventor, Messrs. Robert Cowell and James Deland, live in the Northern District of California.  Ex. K;

- The attorneys who handled Vantage Point's assignment transfer of the asserted patent live in the Northern District of California.  Ex. J;

- ARM's North American Headquarters is located in the Northern District of California. Ex. H at 1-2;

- The sole inventor of the '750 patent, Mr. Howard G. Sachs, lives in San Diego—which is far closer to the Northern District of California than the Eastern District of Texas.  Case No. 3:14-cv-4442 (N.D. Cal.), Dkt. No. 18-1 ¶ 9..

## III.   ARGUMENT

The overwhelming locus of this case is in the Northern District of California. Defendants' key documents and likely witnesses are located in the Northern District of California.  Third party witnesses are located in or near the Northern District.  Simply stated, the Northern District is "the only convenient and fair venue in which to try this case."  *In re Microsoft Corp.*, 630 F.3d 1361, 1365 (Fed. Cir. 2011).

### A.   Vantage Point Could Have Brought This Action In The Northern District Of California

The threshold determination for a Section 1404(a) transfer analysis is whether the action could have been filed in the judicial district to which transfer is sought.  *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003).  An action for patent infringement "may be brought in the judicial district where the defendant resides . . . ."  28 U.S.C. § 1400(b).  A corporate entity is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.  28 U.S.C. § 1391(c).  "Defendants need only present a prima facie case for personal jurisdiction and venue in the NDCA . . . ."  *Balthasar Online, Inc. v. Network*

*Solutions, LLC*, 654 F. Supp. 2d 546, 551 (E.D. Tex. 2009).

This case indisputably could have been filed in the Northern District of California. As discussed above, Nvidia, Marvell, Broadcom, Qualcomm, Viewsonic, HTC, and Microsoft each have offices in or near the Northern District of California.  Ex. A, Shannon Decl. ¶ 2; Ex. B, Jiang Decl. ¶ 2; Ex. C, Yi Decl. ¶ 2; Ex. D, Quan Decl. ¶ 3; Ex. E, Klement Decl. ¶ 2; Ex. F, Hyde Decl. ¶ 3; Ex. G, Wiggins Decl. ¶¶ 4-5.  Thus, Defendants are subject to personal jurisdiction and venue in the Northern District.  *See* 28 U.S.C. § 1400(b); 28 U.S.C. § 1391(b)(1); § 1391(c); *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583 (Fed. Cir. 1990) ("[V]enue in a patent infringement case includes any district where there would be personal jurisdiction over the corporate defendant at the time the action is commenced"); *Brayton Purcell LLP v. Recordon & Recordon*, 361 F. Supp. 2d 1135, 1138 (N.D. Cal. 2005) (holding that the Northern District "has the power to hear a case against a defendant who resides anywhere in this state . . . [and] [t]herefore [has] personal jurisdiction" over any such defendant).

### B.        <u>The Court Should Not Give Deference To Vantage Point's Choice Of Venue</u>

Once it is determined that a case could have been brought in the transferee forum, the district court must next consider whether the transferee court is "clearly more convenient" than the venue chosen by the plaintiff.  *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009). The plaintiff's choice of venue contributes to the defendant's burden in proving that the transferee venue is "clearly more convenient" than the transferor venue.  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (*en banc*) ("*Volkswagen II*").

However, here, the Court should not give deference to Vantage Point's choice of forum. As a threshold matter, Vantage Point has consented to the transfer of this case.  Moreover, the evidence indicates that Vantage Point's only connection to this District was created solely for the purpose of establishing venue. Vantage Point incorporated in Texas only three days before filing

- 6 -

this action, and only about a month after purchasing the '750 patent.  Exs. I-J.  Vantage Point's connections to this District were "made in anticipation of litigation and for the likely purpose of making that forum appear convenient" and should be disregarded.  *Microsoft*, 630 F.3d at 1364 (explaining that the Supreme Court has long urged courts to ensure that the purposes of jurisdictional and venue laws are not frustrated by a party's attempt at manipulation).

The only connection that Vantage Point apparently has to the Eastern District of Texas is Vantage Point's alleged "principal place of business" in Tyler.  However, it does not appear that Vantage Point conducts any "business" in Tyler. Vantage Point does not appear to have any business operations, employees, potential witnesses or documents in Tyler, or the Eastern District of Texas.  As such, Vantage Point's choice of venue should not be given deference.  *See id.,* 630 F.3d at 1365 ("The only added wrinkle is that Allvoice took the extra step of incorporating under the laws of Texas sixteen days before filing suit. But, that effort is no more meaningful, and no less in anticipation of litigation, than the others we reject."); *Affinity Labs of Tex., L.L.C. v. Apple, Inc.*, No. 2:10-CV-0054, Dkt. No. 68 at 2 (E.D. Tex. Nov. 4, 2010) ("[Plaintiff] allegedly moved its office to a residential apartment complex in Frisco less than three weeks before this suit was filed. Although [plaintiff] has a long term presence in Texas, its presence in this district 'appears to be recent, ephemeral, and an artifact of litigation.'").

**C.      The Private And Public Interest Factors Weigh in Favor of Transfer**

On a Section 1404(a) motion, the Fifth Circuit applies the "public and private" interest factors to determine convenience of the parties and the witnesses. *See Volkswagen II*, 545 F.3d at 314 n.9. As the Federal Circuit explained in *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1200 (Fed. Cir. 2009), the Fifth Circuit does not give special weight to the plaintiff's choice of venue where it has no relationship to the parties or the case. As explained below, all factors point to the Northern District of California as the appropriate venue for this action.

The private interest factors are: "1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *PersonalWeb Techs., LLC v. Apple Inc.*, C.A. No. 6:12-cv-660 (Judge Davis), Dkt. No. 101, p. 4 (E.D. Tex. Feb. 2, 2014) (transferring Apple to the Northern District of California) (citations omitted). The public factors are: "1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Id.* (citations omitted).

1.      The Relative Ease of Access to Sources of Proof Factor Favors Northern California

This factor favors transfer because many of Defendants' relevant documents are maintained or accessible from the Northern District or near the Northern District. *See* Ex. A, Shannon Decl. ¶ 14; Ex. B, Jiang Decl. ¶ 6; Ex. C, Yi Decl. ¶ 7; Ex. D, Quan Decl. ¶ 5; Ex. E, Klement Decl. ¶¶ 5, 9; Ex. F, Hyde Decl. ¶¶ 5-6; Ex. G, Wiggins Decl. ¶ 5; *Genentech*, 566 F.3d at 1345 ("[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer"). "Even in the age of electronic discovery, considerations of physical evidence remain meaningful in a § 1404(a) analysis." *Plant Equip. Inc. v. Intrado Inc.*, No. 2:09-cv-395, 2010 WL 2465358, *3 (E.D. Tex. June 16, 2010); *accord Volkswagen II*, 545 F.3d at 316 (modern conveniences "does not render this factor superfluous").

In contrast, neither Defendants nor Vantage Point have presently identified any relevant witnesses or documents in the Eastern District of Texas. Ex. A, Shannon Decl. ¶¶ 9, 11-13, 15; Ex. B, Jiang Decl. ¶¶ 3, 8-9; Ex. C, Yi Decl. ¶¶ 6-7; Ex. D, Quan Decl. ¶¶ 4-5; Ex. E, Klement

- 8 -

Decl. ¶ 7; Ex. F, Hyde Decl. ¶ 8; Ex. G, Wiggins Decl. ¶¶ 2-5.  This District has previously held that this factor favors transferring to the Northern District of California when presented with similar facts. *PersonalWeb*, C.A. No. 6:12-cv-660, Dkt. No. 101, p. 21.

### 2. The Availability of Compulsory Process To Secure the Attendance of Witnesses Factor Favors Northern California

This factor favors transfer because there are relevant and material third parties within the subpoena power of the Northern District of California, while there are no such potential witnesses anticipated to be within the subpoena power of this Court.  *See PersonalWeb,* C.A. No. 6:12-cv-660, Dkt. No. 101, p. 22 (this factor favors transfer when "there are no known third-party witnesses in this District and several potential third-party witnesses in the Northern District of California"). As identified above, the Northern District of California is the home of the '750 patent's prosecuting attorneys and ARM's North American headquarters. Exs. H, K.  As such, the present case is analogous to *In re Toyota Motor Corporation*, 747 F.3d 1338 (Fed. Cir. 2014) where the Federal Circuit explained that transfer was appropriate where:

> nothing favors the transferor forum, whereas several factors favor the transferee forum. The analysis may not show that the transferee forum is *far* more convenient. But that is not what is required. With nothing on the transferor-forum side of the ledger, the analysis shows that the transferee forum is '*clearly* more convenient.'

*Id.* at 1341. (finding transfer was appropriate even where "the Eastern District of Texas is currently home to several other cases involving the patents at issue . . . [filed] more or less simultaneously with the present case." *id.* at 1340-1341).

"The venue's ability to compel testimony through subpoena power is . . . an important factor," and may be "invaluable." *Acer*, 626 F.3d at 1255. This factor will weigh the heaviest in favor of transfer when a transferee venue, like the Northern District of California here, has subpoena power over important third-party witnesses for trial.  *In re Hoffmann-La Roche Inc*.,

- 9 -

587 F.3d 1333, 1338 (Fed. Cir. 2009).

### 3.     The Cost of Attendance for Willing Witnesses Factor Also Favors Northern California

The "single most important factor in transfer analysis" is the convenience to and cost for the witnesses to travel and attend trial. *Genentech*, 566 F.3d at 1343. The Fifth Circuit has explained:

> [T]he factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled. Additional distance [from home] means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.

*In re Volkswagen AG*, 371 F.3d 201, 204-05 (5th Cir. 2004) ("*Volkswagen I*").

The Fifth Circuit has adopted a "100 mile rule" to assist with analysis of this fact. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Id.* at 205. The "100 mile rule" favors transfer (with differing degrees) if the transferee venue is a shorter average distance from witnesses than the transferor venue. *See Volkswagen II*, 545 F.3d at 317. In cases where no potential witnesses are residents of the court's state, favoring the court's location as central to all of the witnesses is improper. *Genentech*, 566 F.3d at 1344.

As such, this factor favors transfer here because Defendants expect that many of their witnesses will be located in or near the Northern District. Ex. A, Shannon Decl. ¶¶ 5, 7, 11; Ex. B, Jiang Decl. ¶¶ 5, 7; Ex. C, Yi Decl. ¶ 5; Ex. D, Quan Decl. ¶ 4; Ex. E, Klement Decl. ¶ 6; Ex. F, Hyde Decl. ¶ 4; Ex. G, Wiggins Decl. ¶ 4.  In contrast, there appears to be no likely witnesses who reside in the Eastern District of Texas.  Ex. A, Shannon Decl. ¶¶ 11-13, 15; Ex. B, Jiang Decl. ¶ 8; Ex. C, Yi Decl. ¶¶ 6-7; Ex. D, Quan Decl. ¶¶ 4-5; Ex. E, Klement Decl. ¶ 7; Ex. F,

Hyde Decl. ¶ 8; Ex. G, Wiggins Decl. ¶ 5.

Accordingly the burden on willing witnesses (party and non-party) would be less if the case were transferred to Northern California.

### 4. The Local Interest in Having Localized Interests Decided at Home Factor Favors Transfer

This factor favors transfer because California has a strong local interest in this matter because it is the location of nearly all the Defendants.  California also has a local interest because it is the home of the '750 patent's inventor and prosecuting attorneys.

In *PersonalWeb*, C.A. No. 6:12-cv-660, Dkt. No. 101, p. 23-24, Judge Davis held that this factor favored transferring Apple to the Northern District of California under similar facts. *See also In re Hoffman-La Roche*, 587 F.3d at 1336 (destination venue's local interest in the case was "strong because the cause of action calls into question the work and reputation of several individuals residing in or near that district and who presumably conduct business in that community").

Indeed, here, this factor favors transfer more strongly than in *PersonalWeb*, because, as stated above, Vantage Point has no real presence in the Eastern District of Texas, and it is not anticipated that any witness lives in this District.  Indeed, the Federal Circuit has specifically held that establishing a principal place of business in this district shortly before filing suit does not create a local interest.  *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010); *see In re Apple Inc.*, Misc. No. 932, 374 F. App'x 997, 999 (Fed. Cir. 2010) (holding that the plaintiff's status as a Texas corporation was not entitled to significant weight, as its presence in Texas appeared "to be both recent and ephemeral"); *see also, e.g., Network Prot. Scis. LLC v. Juniper Networks, Inc.*, No. 2:10-cv-224-JRG, 2012 WL 194382, * 7 (E.D. Tex. Jan. 23, 2012) ("small and fairly recent operations in Texas" outweighed by defendants who "collectively

employ thousands of people residing in California"); *EON Corp. IP Holdings, LLC v. Sensus, USA, Inc.*, No. 2:10-cv-448, 2012 WL 122562, at *5 (E.D. Tex. Jan. 9, 2012) (similar).

The Court must consider local interest in the litigation because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206. Interests that "could apply virtually to any judicial district or division in the United States," such as the nationwide availability of accused products, are disregarded in favor of particularized local interests. *Volkswagen II*, 545 F.3d at 318.

5. The "All Other Practical Problems That Make Trial of a Case Easy, Expeditious and Inexpensive" Factor And Remaining Public Interest Factors Are Neutral

Because this case is in its early stages, no practical problems exist that would deter this Court from transferring to the Northern District of California. *See Transunion Intelligence LLC. v. Search Am., Inc.*, No. 2:10-CV-130-TJW, 2011 WL 1327038, at *5 (E.D. Tex. Apr. 5, 2011). The other public interest factors, i.e., administrative difficulties flowing from court congestion, familiarity of the forum with the governing law and avoidance of unnecessary conflicts of laws, are also neutral. The time to trial for both Districts are not substantially different, both Districts are very familiar with patent law, and Defendants are unaware of any unique conflicts of laws issues in this case.

## IV.   CONCLUSION

In sum, Vantage Point could have brought this case in the Northern District of California, and because this motion is unopposed and is based on very similar circumstances to that of a case consolidated with this action which has already been transferred to the Northern District of California, this Court should grant this motion and transfer these actions to the Northern District of California.

Date: October 24, 2014

Respectfully submitted,

By: /s/ *Richard S. Zembek*

    Richard S. Zembek (TBN 00797726)
    Richard.Zembek@nortonrosefulbright.com
    Attorney-in-Charge
    Eric B. Hall (TBN 24012767)
    Eric.Hall@nortonrosefulbright.com
    Daniel S. Leventhal (TBN 24050923)
    Daniel.Leventhal@nortonrosefulbright.com
FULBRIGHT & JAWORSKI LLP
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel:   (713) 651-5151
Fax:  (713) 651-5246

***ATTORNEYS FOR DEFENDANTS***
***QUALCOMM INCORPORATED AND***
***QUALCOMM TECHNOLOGIES INC.***

Respectfully submitted,

By: /s/ *Kevin P. Anderson*

    Kevin P. Anderson
    kanderson@wileyrein.com
WILEY REIN LLP
1776 K St NW
Washington DC 20006
Tel:   (202) 719-7000
Fax:  (202) 719-7049

***ATTORNEYS FOR DEFENDANTS BROADCOM***
***CORPORATION, NVIDIA CORPORATION, MARVELL***
***SEMICONDUCTOR, INC.***

- 14 -

/s/ *Richard V. Wells*

Jay F. Utley (Bar No. 00798559)
Email:  jay.utley@bakermckenzie.com
Erin M. Tanner (Bar No. 24079436)
Email:  erin.tanner@bakrmckenzie.com
**BAKER & MCKENZIE LLP**
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, TX 75201
Telephone:  (214) 978-3000
Facsimile:  (214) 978-9099

Richard V. Wells (Bar No. 24033326)
Email:richard.wells@bakermckenzie.com
**BAKER & MCKENZIE LLP**
815 Connecticut Avenue, N.W.
Washington, DC 20006
Telephone:  (202) 452-7000
Facsimile:  (202) 452-7074

D. James Pak (admitted *Pro Hac Vice*)
California State Bar No. 194331
E-Mail:d.james.pak@bakermckenzie.com
**BAKER & MCKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, California 94111
Telephone: (415) 576-3000
Facsimile: (415) 576-3099

*COUNSEL FOR DEFENDANT*
*VIEWSONIC CORPORATION*

By:  /s/ Kyle Chen

Eric Hugh Findlay
Findlay Craft PC
102 N College Avenue
Suite 900
Tyler, TX 75702
Tel: (903) 534-1100
Fax: (903) 534-1137
Email: efindlay@findlaycraft.com

Kyle D. Chen
Cooley LLP
3175 Hanover Street
Palo Alto, CA 94304
Tel: (650) 843-5019
Fax: (650) 857-0663
Email: kyle.chen@cooley.com

*ATTORNEYS FOR DEFENDANT
HTC AMERICA, INC.*

Respectfully submitted,

By: /s/ *Erica D. Wilson*

Jennifer Parker Ainsworth
Texas State Bar No. 00784720
jainsworth@wilsonlawfirm.com
WILSON, ROBERTSON & CORNELIUS, P.C.
909 ESE Loop 323, Suite 400
P.O. Box 7339 [75711]
Tyler, Texas 75701
Telephone: (903) 509-5000
Facsimile: (903) 509-5092

Erica D. Wilson
CA State  Bar No. 161386
ericawilson@dwt.com
Eric S. Walters
CA State Bar No. 151933
Ericwalters@dwt.com
John D. Freed
CA State Bar No. 261518
jakefreed@dwt.com
DAVIS WRIGHT TREMAINE LLP
505 Montgomery St., Suite 505
San Francisco, CA  94111
Tel:   (415) 276-6500
Fax:   (415) 276-6599

*ATTORNEYS FOR DEFENDANT MICROSOFT
CORPORATION*

- 15 -

- 16 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 24, 2014, all counsel of record who are

deemed to have consented to electronic service are being served with a copy of this document via

the Court's CM/ECF system.

/s/ *Erica D. Wilson*